IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MARTREK D. WINGO,

    Plaintiff,

vs.                                                             Case No. 2:16-cv-02742-SHL-egb

NIKE, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is Defendant, Nike Inc.'s ("Defendant" or "Nike") Motion to Dismiss (D.E. 12). Plaintiff ("Plaintiff" or "Mr.Wingo") has responded, opposing the Motion (D.E. 13, 15, 16). Defendant has also replied to Plaintiff's response (D.E. 14). Defendant asserts that the Court should dismiss Plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure, for insufficient service of process and failure to state a claim for which relief can be granted. For the following reasons, the Court recommends that the Defendant's Motion be granted.

## BACKGROUND

Plaintiff filed his pro se Complaint against Defendant on September 15, 2016. In his Complaint, Plaintiff alleged a "public sexual injury" and that his claim was similar to "*Bollea v. Gawker* and *Carlson v. Ailes* (21st Century Fox)". From Plaintiff's Complaint, it appears Plaintiff was employed at Nike. Plaintiff claims that "Jordan sat down with over 10 girls that said they saw Martrek Wingo's cock (Male Genitals) and did absolutely nothing."[1] Plaintiff

---

[1] Apparently, Jordan is the name of a manager at Nike, as Plaintiff makes it clear that the name Jordan does not refer to the NBA Jordan.

goes on to claim that a fellow Nike employee, Scott Peterson, began distributing sexual images of Plaintiff to women at Nike. Additionally, Plaintiff states he was involved in an "extreme work environment." Although unclear, it appears an investigation into the sexual images occurred where Mr. Peterson claimed he was trying to verify Plaintiff's penis for the police. From that investigation, Plaintiff contends that at least one of the female employees who either received or witnessed a photo of Plaintiff from Mr. Peterson received a money settlement after she asserted that she intended to sue Nike.

Defendant responded on January 4, 2017 with a Motion to Dismiss (D.E. 12). First, Defendant argues that Plaintiff did not perfect service over Defendant. Defendant contends that Plaintiff did not properly deliver or mail the summons and did not direct the summons and complaint to any individual at Nike that is authorized to receive service on behalf of Nike. Thus, the Court cannot properly exercise personal jurisdiction over Defendant.

Next, Defendant argues that Plaintiff failed to state any cause of action against it. Defendant maintains that they are unaware of any cause of action arising from an alleged "public sexual injury." Further, Defendant reasons that if Plaintiff intended to assert a Title VII claim, pursuant to a hostile work environment based on sexual harassment, Plaintiff has not exhausted his administrative remedies.

Plaintiff responded in Opposition to Defendant's Motion to Dismiss on January 5, 2017 (D.E. 13). In response to Defendant's allegations of insufficient service of process, Plaintiff states that Defendant has responded through the electronic PACER system. Further, Plaintiff states he did attempt to mail the summons and complaint through the United States Postal Service but the mail never left the facility. Then, Plaintiff sent the Complaint through FedEx. Lastly, Plaintiff attempted to clarify his causes of action by stating "42:1981 Equal rights under

the law (Sexual Discrimination)," "18 U.S. Code 242 Deprivation of rights under color of law," and a claim for false light. Additionally, Plaintiff stated he filed a charge with the EEOC for retaliation on December 5, 2016 and attached the charge to his response. Plaintiff added facts including that other employees received a pre law suit settlement because Mr. Peterson distributed sexual photos of Plaintiff and the images discriminated against Plaintiff.

Defendant filed a Reply Brief in support of its Motion to Dismiss on January 19, 2017 (D.E. 14). In its Reply, Defendant again stated that Plaintiff had not complied with a method of service provided for by the Federal Rules of Civil Procedure. Plaintiff had not directed to the summons and Complaint to any individual at Nike and any Defendant activity through PACER had no bearing on perfecting service. In response to Plaintiff's clarification of his causes of action, Defendant stated that sex discrimination did not fall within the scope of §1981. Moreover, Defendant is a private entity so they could not act under color of law pursuant to § 242. Lastly, Defendant asserted Plaintiff did not plead a cause of action for the tort of false light.

Finally, Plaintiff filed two more Responses to Defendant's Motion to Dismiss (D.E. 15, 16). However, pursuant to Local Rule 7.2(c), Plaintiff did not ask for leave to file either response. Thus, the Court did not consider his second and third responses.

## **ANALYSIS**

Defendants assert that Plaintiff has failed to effectuate service pursuant to Federal Rule of Civil Procedure 12(b)(5). Considering the arguments of Defendants, the Magistrate Judge agrees that service was improper, further establishing the recommendation that Plaintiff's Complaint be dismissed. Pursuant to Fed. R. Civ. P. 4(h)(1), a corporation must be served by the manner described in Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to

receive service of process." Federal Rule of Civil Procedure 4(e)(1) allows for service by following state law for serving a summons in an action… where the district court is located," in this case Tennessee state law. The Sixth Circuit has explained that perfecting service is not a technicality. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Due process requires perfecting service for a federal court to achieve personal jurisdiction. *Id.* It is irrelevant for proper service of process whether Defendant filed an answer or had actual knowledge of the lawsuit. *Taylor v. Stanley Works*, No. 4:01-CV-120, 2002 WL 32058966, at *3 (E.D. Tenn. July 16, 2002). Thus, for Plaintiff's contention that Defendant has been active in the litigation through PACER, is immaterial to whether he has completed service of process. From Plaintiff's Response it is unclear whether Plaintiff alleges he perfected service through Fed. R. Civ. P. 4(h)(1) or pursuant to Tennessee law. Therefore, the Court will address both ways of service under the Federal Rules.

      Plaintiff has failed to meet the requirements for serving a corporation under Fed. R. Civ. P. 4(h)(1). The plain language of the rule requires delivery of the complaint and summons. *See Taylor*, 2002 WL 32058966 at *4 (the term delivering does not include service by mail). Additionally, Plaintiff did not mail the complaint and summons to any "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Here, Plaintiff's returned summons is addressed to Nike, Inc., not a particular individual, and, as such, service of process under Fed. R. Civ. P. 4(h)(1) fails (D.E. 9).

      Plaintiff has also failed to meet the requirements of serving a corporation under Fed. R. Civ. P. 4(h)(1) or Tennessee law. Pursuant to Tenn. R. Civ. P. 4.04(4), 4.04(10) and 4.05 for service on a domestic or foreign corporation within or outside of the state, can be made by

4

delivering or mailing a copy of the complaint and summons to an officer or managing agent, chief agent in the county where the action is brought, or any other agent authorized by appointment or by law to receive service on behalf of the corporation. Again, Plaintiff did not address the summons and complaint to any individual at Nike. Thus, Plaintiff has failed to meet Tennessee's requirements for service on a corporation, and as so, has failed to meet either way of sufficient service of process under the Federal Rules of Civil Procedure.

Even if Plaintiff corrected his service, Defendant also asserts Plaintiff failed to state a claim in his Complaint. As Defendant notes, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." This procedural protection permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), *citing, Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir. 1987). When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting, Bell Atlantic Corp.v. Twombly*, 550 U.S. 544, 570 (2007). *See also Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)(stating that the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true"). While the pleading standard in Rule 8 of the Federal Rules of Civil Procedure does not require "detailed factual allegations," this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me- accusation." *Ashcroft,* 556 U.S. at 678. In determining whether a complaint states a claim for relief that is plausible on its face, the court is required to "draw on its judicial experience and common sense." *Id.* at 679. The plaintiff's allegations "must be enough to raise a

5

right to relief above [a] speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Pro se litigants, although held to a less stringent standard than attorneys, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) and *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  However, a Court cannot create a claim for a pro se Plaintiff that was not "spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)(internal quotations omitted).

From Plaintiff's Complaint and Response in Opposition to Defendant's Motion to Dismiss, it appears Plaintiff attempts to make out six causes of action as follows: public sexual injury, Title VII hostile work environment based on sexual harassment, 42 U.S. Code § 1981 (civil rights), 18 U.S. Code § 242 (civil rights), tort of false light, and Title VII retaliation. However, the Court notes that due to the vagueness of Plaintiff's Complaint and Response, the majority of these causes of action were less than "spelled out in his pleading."  *Clark*, 518 F.2d at 1169.  The Court will take each of these alleged causes of action in turn below.

First, Plaintiff alleges that he suffered a "public sexual injury" caused by a Nike employee.  The Court is unaware of any cause of action under Tennessee law that is entitled "public sexual injury."  Because "public sexual injury" is not a cause of action, Plaintiff has failed to state a claim for which relief can be granted.

In Plaintiff's Complaint he mentions *Bollea v. Gawker* and *Carlson v. Ailes* (21st Century Fox) and an "extreme work environment."  The case entitled *Bollea v. Gawker* concerns a celebrity sex tape that was posted on a website without permission. Plaintiff, in that case, sues based on an invasion of privacy.  Here, based on the facts alleged in Plaintiff's Complaint, the

Court cannot find a similarity or the reason for naming the case just from a bare citation. The Court is not required to guess at what claims the Plaintiff asserts. *See Wells*, 891 F.2d at 594 and *Duckett v. State*, No. 3:10-0067, 2010 WL 3732192, at *3 (M.D. Tenn. Sept. 20, 2010). The Court cannot find sufficient factual matter as required to even find a claim using the *Bollea* case. However, *Carlson v. Ailes* (21st Century Fox), is a Title VII hostile work environment based on sexual harassment case. In Plaintiff's Complaint, his facts concern his sexual pictures being distributed and an "extreme work environment." Thus, the Court concludes Plaintiff intends to assert a Title VII sexual harassment claim based on a hostile work environment. However, Plaintiff has not exhausted his administrative remedies with the EEOC prior to filing this lawsuit. *See* 42 U.S.C. § 2000e-5(e)(1); *Younis v. Pinnacle Airlines, Inc.*, 610 F. 3d 359, 361 (6th Cir. 2010); and *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 309 (6th Cir. 2000). According to Plaintiff's Response, Plaintiff filed an EEOC retaliation charge on December 5, 2016.[2] Plaintiff filed this lawsuit on September 15, 2016. Thus, Plaintiff cannot bring a Title VII claim.

Next, Plaintiff alleges a claim under 42 U.S. Code § 1981. To establish a prima facie case under § 1981: (1) the plaintiff is a member of a racial minority, (2) intent to discriminate based on race, and (3) the discrimination concerned at least one of the activities in § 1981. In Plaintiff's Complaint and Response, the Court cannot find any mention of race or racial discrimination concerning Plaintiff. *Burton v. Plastics Research Corp.*, 134 F. Supp.2d 881, 885 (E.D. Mich. 2001). Thus, Plaintiff has failed to establish a claim under 42 U.S. Code § 1981.

Plaintiff claims a deprivation of rights under color of law pursuant to 18 U.S. Code 242. However, this claim also fails for two reasons. One, this is a criminal statute and is not a proper claim in a civil lawsuit. *See* 18 U.S. Code 242. Second, Defendant does not act "under color of

---

[2] Plaintiff does not mention in his Response if he filed an EEOC charge for sexual harassment.

law" within the meaning of the statute. *See generally United States v. Classic*, 313 U.S. 299, 326 (1941). Defendant is a private employer. Plaintiff has not made an allegation that Defendant possesses any power pursuant to state law or Plaintiff has made no allegation that Defendant was acting jointly with a state actor. Therefore, Plaintiff did not state a claim under 18 U.S. Code 242.

Plaintiff asserts a claim under Tennessee law for the tort of false light. To state a claim for false light, Plaintiff must prove: (1) Defendant published a matter concerning the Plaintiff; (2) that put Plaintiff in the false light in public; (3) it is highly offensive to the reasonable person; and (4) Defendant had knowledge that his statement was false or was with reckless disregard to the falsity of the published statement. *Clark v. EA Entm't Television, LLC*, 60 F. Supp. 3d 838, 847 (M.D. Tenn. 2014). Here, Plaintiff does not allege that Nike distributed any picture of Plaintiff, only a Nike employee. If Plaintiff intended to assert a claim for vicarious liability on the part of Defendant, that claim also fails. Plaintiff has not alleged that Defendant intended its employee to publish Plaintiff in false light or that his action was in the scope of his employment with Defendant. *See Raines v. Shoney's, Inc.*, 909 F. Supp. 1070, 1082 (E.D. Tenn. 1995) and *Tennessee Farmers Mut. Ins. Co. v. American Mut. Liability Ins. Co.*, 840 S.W.2d 933, 937 (Tenn. Ct. App. 1992). Consequently, Plaintiff's cannot state a claim for false light under Tennessee state law.

Lastly, in Plaintiff's Response he states "December 5th, 2016, the plaintiff Martrek Wingo files an EEOC retaliation charges based on a separate event against Nike, Inc See Attached." As previously established above, Plaintiff did not exhaust his administrative remedies with the EEOC prior to filing this lawsuit, this any Title VII retaliation claim was untimely.[3] Thus,

---

[3] It appears that Plaintiff did attach a EEOC charge for retaliation and a right to sue letter to his Response, however, Plaintiff did not exhaust his remedies with the EEOC prior to the filing of his Complaint.

Plaintiff cannot bring a Title VII claim, and, therefore, has not stated any claim for which relief can be granted in his Complaint.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court GRANT Defendant's Motion to Dismiss.

Respectfully Submitted this 26th day of April, 2017.

s/Edward G. Bryant<br>
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**