# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARTREK D. WINGO, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 16-cv-2742-SHL-egb |
| ) | |
| NIKE, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ADOPTING IN PART, REJECTING IN PART AND MODIFYING REPORT AND RECOMMENDATION, AND GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Magistrate Judge Edward G. Bryant's Report and Recommendation (hereinafter, the "Report") (ECF No. 19), filed April 26, 2017, recommending that the Court grant Defendant Nike, Inc.'s ("Nike") Motion to Dismiss for failure to perfect service and for failure to state a claim pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively. Plaintiff Martrek D. Wingo ("Wingo") filed his Objections to Magistrate Judges [sic] Report and Recommendations (ECF No. 22), together with accompanying exhibits, on May 4, 2017. Thereafter, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Local Rule 72.1(g), Nike filed a Response to Plaintiff's Objections (ECF No. 23) on May 18, 2017.[1] As more fully articulated herein, the Court **ADOPTS IN PART, REJECTS IN PART** and **MODIFIES** the Magistrate Judge's Report and Recommendation and **GRANTS** Defendant's Motion to Dismiss.

---

[1] On May 19, 2017, Wingo filed a Reply Brief (ECF No. 24). However, neither the Federal Rules of Civil Procedure nor the Local Rules allow a plaintiff in this posture to file a reply as of right. See Fed. R. Civ. P. 72(b); L.R. 72.1(g)(2). Therefore, the Court must revert back to the general rule, articulated in Local Rule 7.2(c), that, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply." Because Wingo never asked this Court for leave to reply, the Court declines to consider his Reply Brief.

## BACKGROUND

On September 15, 2016, Wingo, a former employee of Nike, filed a *pro se* Complaint against Nike. (ECF No. 1) The Complaint reads like the plot summary of a David Lynch film— a jigsaw puzzle where characters with impenetrable motives enter and exit without introduction and events that appear significant in the moment are only obliquely connected to the overarching narrative. Although Wingo keeps the details nebulous and stubbornly refuses to spell out his legal conclusions, this dispute seems to stem from an incident involving the distribution by a Nike employee of digital photos of Wingo's genitalia and a subsequent investigation of some sort. (Id.) It is unclear whether this investigation was internal or external to the company, however, because, in Wingo's telling, both upper Nike management and the police were involved, although to what extent remains a mystery. (Id.)

On January 4, 2017, Nike filed a Motion to Dismiss, arguing that Wingo never perfected service of process upon Nike and failed to sufficiently plead a cause of action upon which relief may be granted. (ECF No. 12.) In his Response, Wingo attempted to clarify the legal theories undergirding his Complaint. (ECF No. 13.) He explained that his causes of action were for "sexual discrimination" under 42 U.S.C. § 1981, "deprivation of rights under color of law" pursuant to 18 U.S.C. § 242 and the tort of "false light." (Id.) In addition, he mentioned that he "had filed an EEOC retaliation charge based on a separate event against Nike, Inc[.,]" and attached supporting documents. (Id. at 2.)

On April 26, 2017, the Magistrate Judge filed the Report. (ECF No. 19.) Providing Wingo the widest possible latitude, the Magistrate Judge construed his Complaint as attempting to make out six causes of action, including "public sexual injury, Title VII hostile work environment based on sexual harassment, 42 U.S. Code § 1981 (civil rights), 18 U.S. Code § 242

(civil rights), tort of false light, and Title VII retaliation." (Id. at 6.)  The Magistrate Judge first found that Wingo had failed to satisfy the requirements for service of summons on a corporation under both the Federal Rules of Civil Procedure as well as Tennessee law.  (Id. at 4-5.)  Next, the Magistrate Judge found that Wingo had failed to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) for a variety of reasons.

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to perfect service or failure to state a claim upon which relief may be granted.  28 U.S.C. § 636(b)(1)(B).  "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3).  "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy."  Johnson v. Brown, 2016 WL 4261761, at *1 (E.D. Kent. August 12, 2016) (citing Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)).  After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1)(C).

Wingo objects to the Report on two grounds.  First, he argues that "[p]rocess has been perfected" because "[a]ll Filings of Plaintiff served upon Mark Parker, CEO of Nike, Inc[.]" (ECF No. 22 at 1.)  Wingo directs the Court's attention to an attached "Domestic Return

3

Receipt" from the United States Postal Service, signed on January 26, 2017. (Id.) However, the receipt demonstrates only that a parcel was delivered to Nike's world headquarters, with no way of determining whether the parcel itself contained a properly-issued summons. Moreover, the docket does not reflect that the Clerk's office issued a summons at any point prior to Wingo's delivery of this parcel, and Wingo has not returned a summons executed with proof of service, as required by the Federal Rules of Civil Procedure. For these reasons, the Court finds that Wingo has not demonstrated that he has perfected service upon Nike, and Nike's Motion to Dismiss is **GRANTED** pursuant to Rule 12(b)(5).

Second, Wingo objects to the Magistrate Judge's conclusion that he has failed to state a claim for retaliation under Title VII. (ECF No. 22 at 1.) The Magistrate Judge found that Wingo had not exhausted his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"), as required by law, prior to filing this lawsuit. (ECF No. 19 at 8-9.) In his objection, Wingo contends that, since filing his Complaint, he has exhausted all administrative procedures with the EEOC and was given a Notice of Right to Sue. (ECF No. 22 at 1.) In addition, he lists a series of seemingly random factual allegations, including: 1) "'Just tell him he is Terminated.' Is how the Nike female manager Retaliated"; 2) "The Plaintiff never misspoke"; 3) "Plaintiffs badge was taken and the plaintiff dismissed early from work to 'start' investigation from events witness by Plaintiff involving other employees and the managers taking the badge"; and 4) "The Plaintiff never received a response from Nike." (Id. at 1-2.)

A claimant who wishes to bring a lawsuit claiming a violation under Title VII must file a charge of retaliation with the EEOC and receive a right-to-sue letter prior to filing suit in a federal district court. See, e.g., Fritz v. FinancialEdge Cmty. Credit Union, 835 F. Supp. 2d 377, 381 (E.D. Mich. 2011) (citing Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1032 (6th Cir.

4

1998)). However, failure to obtain a right-to-sue letter is not a jurisdictional defect. See, e.g., Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 309 (6th Cir. 2000). Rather, the right-to-sue letter is a condition precedent to a federal suit, and it may thus be waived by the parties or the court when equity so demands. Id.

Here, it is undisputed that Wingo did not receive his right-to-sue letter until after he filed his Complaint.[2] (See ECF No. 19 at 8.) However, this Court sees little reason to bar Wingo's retaliation claim solely on this ground, particularly where, as here, Nike has demonstrated no prejudice from Wingo's delay in exhausting his administrative remedies. Therefore, the Court rejects the Report's legal conclusion on this issue.

Nonetheless, the Court finds that Wingo has failed to state a claim upon which relief may be granted. To make out a prima facie case for retaliation, Wingo must demonstrate that: (1) he engaged in protected activity under Title VII; (2) Nike was aware that Wingo engaged in the protected activity; (3) thereafter, Nike took an adverse employment action against Wingo; and (4) that there was a causal connection between the protected activity and the adverse action. See, e.g., Fuhr v. Hazel Park Sch. Dist., 719 F.3d 668, 674 (6th Cir. 2013).

Here, Wingo's Complaint is simply too vague to have established a prima facie case of retaliation. While "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers," Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks omitted), they are not exempt from the requirements of the Federal Rules of Civil Procedure. See Brown v. Matauszak, 415 Fed. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading."). Most glaringly, Wingo's Complaint does not allege that Wingo engaged in any protected activity, or that his

---

[2] It appears from the record that Wingo filed a Title VII complaint with the EEOC on December 5, 2016 (see ECF No. 13-1 at PageID 44), nearly three (3) months after he initiated this lawsuit, and that the EEOC issued a Right to Sue Letter on December 14, 2016. (See id. at PageID 46.)

termination was causally connected to any protected activity.  (See ECF No. 1.)  Rather, he claims that illicit photos were distributed, an investigation ensued and that he was terminated some time afterward.  (Id.)  The Complaint is rife with innuendo, but, without concrete details that bind these bits of information into a coherent whole, the Court cannot justify advancing this matter to the discovery phase.  For this reason, the Court finds that the Complaint fails to state a claim upon which relief may be granted, and Defendant's Motion to Dismiss is thus **GRANTED** as to this claim.

## CONCLUSION

The Court has reviewed the remainder of the Report for clear error and finds none. Therefore, the Magistrate Judge's Report is hereby **ADOPTED IN PART**, **REJECTED IN PART** and **MODIFIED IN PART** to reflect the Court's reasoning contained herein.  Nike's Motion to Dismiss is hereby **GRANTED**.

**IT IS SO ORDERED,** this 18th day of July, 2017.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE